

# THE ATTORNEY GENERAL

## OF TEXAS

**GROVER SELLERS**
XXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Sidney Latham
Secretary of State
Austin 11, Texas

ATTN: Mr. Horace B. Sessions, Securities Commissioner

Dear Sir:

Opinion No. O-6020

Re: Under the given facts would
it be necessary for the
Insurance Company in ques-
tion to obtain a permit
under the Securities Act in
order for the stock to be
sold to the general public?

Your request for an opinion on the above mat-
ter has been received and carefully considered. The
facts upon which your request is based are stated by
you to be as follows:

"X Insurance Company, a life insurance
company incorporated under the laws of Texas,
desires to increase its capital stock. It
anticipates that its stockholders will not
take all the increase, and that at least some
of such increase will be sold to the public.
The amendment to the charter cannot be filed
until all the stock is subscribed and paid in
full. Accordingly, the procedure contemplated
is for the stockholders of the insurance com-
pany to authorize an increase of the capital
stock; the increase not taken by the stock-
holders to be sold to the general public; the
stock would be $100 par value but would be
sold to present stockholders and the public
at $300.00 per share; when all has been sub-
scribed and paid for, the increase then would
be certified to the proper authorities and

the charter amended. The stock would then be issued to those who had subscribed to it. At the time of subscription, the stockholders would be given a stock subscription certificate, stating that he had subscribed and paid for stock in the company, and that the stock certificates would be exchanged for the subscription certificates when the increased capital had all been subscribed and paid for, and the Charter Amendment filed."

Section 2, Subdivision (a), of Article 600a, which is known and shall be referred to herein as "The Securities Act", reads as follows:

"(a) The term 'security' or securities' shall include any share, stock, treasury stock, stock certificate under a voting trust agreement, collateral trust certificate, equipment trust certificate, preorganization certificate or receipt, subscription or reorganization certificate, note, bond, debenture, mortgage certificate or other evidence of indebtedness, any form of commercial paper, certificate in or under a profit sharing or participation agreement, certificate or any instrument representing any interest in or under an oil, gas or mining lease, fee or title, or any certificate or instrument representing or secured by an interest in any or all of the capital, property, assets, profits or earnings of any company, investment contract, or any other instrument commonly known as a security, whether similar to those herein referred to or not."

Under this definition of the term "security" or "securities", there is no question but that the stock referred to by you is subject to the provisions of The Securities Act, unless exempt therefrom by some provision of the Act.

Section 3 of the Securities Act provides that: "Except as hereinafter in this Act specifically provided, the provisions of this Act shall not apply to the sale of any security when made in any of the following transactions and under any of the following conditions,"

naming various transactions and conditions, companies and persons to which the same would not apply; but the sale of the capital stock of a life insurance company is not mentioned therein.

Section 23 of The Securities Act provides that: "Except with reference to exempt transactions provided for in Section 3 of this Act, it shall be unlawful for any dealer, agent or salesman to sell any securities or to issue or publish within this State any circular," etc., and following with various provisions concerning the advertisement of such sale or sales of securities and ending with the provision that same shall have no application to any security included within any of the following classes, which are Subdivision (a) to (i), inclusive, and Subdivision (g) thereof is as follows:

"(g) Any security issued or guaranteed by and/or representing an interest in or a direct obligation of a state bank or trust company incorporated under the laws of and subject to the examination, supervision and control of any state or territory of the United States or any insular possession thereof; or issued or guaranteed by any building and loan association or savings institution or by any insurance company under the supervision or control of the Banking or Insurance Department of this State."

Article 4679a provides for the appointment of the Board of Insurance Commissioners, and Article 4679c provides that: "Generally, the Life Insurance Commissioner shall have supervision of matters relating to Life Insurance, to the chartering of companies, certificates of authority, and as to the solvency of persons and corporations engaged in the Insurance business," while Chapter 3, Title 78, provides for complete supervision over such companies; therefore, it appears that the insurance company referred to in your inquiry comes within "any insurance company under the supervision or control of the . . . Insurance Department of this State" referred to in Section 23, Subdivision (g), of The Securities Act above set out.

Section 5 of The Securities Act reads in part as follows:

"No dealer, agent or salesman shall sell or offer for sale any securities issued after the passage of this Act, except those which come within the classes enumerated in Subdivisions (a) to (q), both inclusive, of Section 3 of this Act, or Subdivisions (a) to (i), both inclusive, of Section 23 of this Act, . . ."

It seems clear from a consideration of the above referred to and quoted parts of The Securities Act that the Legislature did not intend to include in said Act securities issued and offered for sale by an insurance company which was under the supervision of the Insurance Department; therefore, since the insurance company referred to in your inquiry would be under the supervision of the Insurance Department, it is our opinion that it is not necessary for such company to obtain a permit under The Securities Act in order to sell a part of its capital stock to the general public.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Jas. W. Bassett

Jas. W. Bassett
Assistant

JWB:jcp:am

APPROVED JUNE 5, 1944

/s/ E. J. Blackburn

(Acting) ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

By /s/ B.W.B.
Chairman